**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                       :
**ANTHONY HARPER,**                    :         **CIVIL ACTION**
                                       :
          **Petitioner,**              :
                                       :
              **v.**                   :
                                       :
**DAVID DIGUGLIEMO, THE DISTRICT**     :         **NO.  05-3444**
**ATTORNEY LYNN ABRHAM, and THE**      :
**ATTORNEY GENERAL OF THE STATE**      :
**THOMAS CORBOTT,**                    :
                                       :
          **Respondents.**             :
                                       :
_____  :

**DuBOIS, J.**                                          **MAY 11, 2006**

**M E M O R A N D U M**

**I.       INTRODUCTION**

        Petitioner, Anthony Harper, is a state prisoner currently serving a life sentence for first-

degree murder and a consecutive sentence of ten-to-twenty years for robbery at the State

Correctional Institute in Graterford, Pennsylvania. On February 13, 1998, Harper filed a pro se

habeas petition, which was denied by this Court. Harper v. Vaughn, No. 98-728, 2002 WL

257850 (E.D. Pa. Feb. 21, 2002).

        Presently before the Court is the petitioner's second pro se Petition for Writ of Habeas

Corpus Under 28 U.S.C. § 2254, filed on July 5, 2005 ("second habeas petition"), and

petitioner's pro se Memorandum of Law in Support of Habeas Corpus, filed on February 23,

2006. In this second habeas petition, Harper sets forth thirteen claims, which he argues are

grounds for relief from his conviction and his sentence. For the reasons set forth in this

Memorandum, the Court (1) dismisses those claims which Harper raised in his first habeas

petition and which this Court previously denied; and (2) transfers the remaining claims to the

United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for a decision

on the question whether to authorize the Court to consider such claims.

## II.     BACKGROUND

In this Memorandum, the Court will set forth only the facts and procedural history

necessary to analyze Harper's second habeas petition. A detailed factual and procedural history

may be found in Magistrate Judge Angell's Report and Recommendation dated February 20,

2001 and the Court's previous opinion in this case. See Harper v. Vaughn, No. 98-728, 2002

WL 257850, at *1-2 (E.D. Pa. Feb. 21, 2002); Report and Recommendation at 2-3 (Feb. 20,

2001) (quoting Commonwealth v. Harper, 499 A.2d 331, 333-34 (Pa. Super. 1985)).

On February 13, 1998, petitioner filed a pro se habeas petition in federal court alleging

eighteen claims for relief. A subsequent counseled memorandum of law narrowed the claims for

relief to five. By Report and Recommendation dated February 20, 2001,[1] Magistrate Judge

Angell recommended that the Petition be denied without an evidentiary hearing. Magistrate

Judge Angell's recommendation was based, inter alia, on her conclusions that (1) petitioner had

procedurally defaulted several of his claims and (2) petitioner had not satisfied his burden of

excusing the procedural default through his "bald assertions" of "cause and prejudice" and

"actual innocence." Report and Recommendation at 13. Magistrate Judge Angell recommended

that the remaining claims be denied on the merits.

---

[1] The lengthy delay between the filing of the Petition and the Report and Recommendation was due to a docketing error by the Clerk's Office following a return of the Petition to this Court by the Court of Appeals. See Harper v. Vaughn, No. 98-728, 2002 WL 257850, at *1 n.1 (E.D. Pa. Feb. 21, 2002) (explaining docketing error).

Petitioner thereafter filed Objections to the Report and Recommendation on March 7 and 8, 2001.[2]  Petitioner argued that the Court's failure to consider his procedurally defaulted claims would result in a fundamental miscarriage of justice.  By Memorandum and Order dated February 21, 2002, after de novo consideration[3] of the Report and Recommendation and petitioner's Objections, this Court overruled the Objections, adopted the Report and Recommendation, and declined to hold an evidentiary hearing.  Harper, 2002 WL 257850, at *3-10.  The Court also declined to issue a certificate of appealability because petitioner had failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(3).

On March 22, 2002, petitioner filed a Notice of Appeal. Thereafter, he filed a motion for a certificate of appealability in the Court of Appeals.  By letter dated April 3, 2002, the motion was referred to a panel of the Third Circuit for consideration.[4] By Order dated November 27, 2002, a three-judge panel of the Court of Appeals denied petitioner's motion for a certificate of appealability because the "[a]ppellant ha[d] failed to make a substantial showing of the denial of a constitutional right."  Harper v. Vaughn, No. 02-1826 slip op. (3d Cir. Mar. 27, 2002) (citing 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

---

[2] Petitioner filed a duplicate set of objections in this Court.

[3] The Court's standard of review in evaluating a Report and Recommendation is de novo. 28 U.S.C. § 636(b).

[4] The Third Circuit's practice with respect to applications for certificates of appealability in habeas cases is set forth in Local Appellate Rule 22.3, which states:

> An application for a certificate of appealability will be referred to a panel of three judges. If all the judges on the panel conclude that the certificate should not issue, the certificate will be denied, but if any judge of the panel is of the opinion that the applicant has made the showing required by 28 U.S.C. § 2253, the certificate will issue.

Petitioner thereafter filed a pro se submission entitled "Appeal to Set Aside Verdict of District Court Decision for Not Turning Over A True Copy of Memorandum" in the Court of Appeals on April 25, 2003. In that submission, petitioner stated that he had filed a petition for certiorari in the United States Supreme Court and was told by letter from the Clerk of Court that the Supreme Court would not review his petition for certiorari because the copy of this Court's Memorandum and Order dated February 21, 2002 that petitioner had attached to his petition for certiorari was incomplete. Petitioner further stated in his pro se Appeal that he "didn't receive a full copy of Judge DuBois's memorandum nor did the Appeals Court" and, therefore, "the decision should be made to set aside the verdict by the District Court." The Clerk of Court for the United States Court of Appeals for the Third Circuit responded to petitioner's pro se Appeal on May 16, 2003 and informed him that no action would be taken with respect to that submission because proceedings in that court had concluded and the Third Circuit "lack[ed] authority to grant substantive relief." The Clerk further noted that the copy of this Court's Memorandum and Order dated February 21, 2002 certified to the Third Circuit was complete and, therefore, the panel that rejected his motion for a certificate of appealability made its decision based on a review of a complete copy of this Court's Memorandum and Order.

Next, on May 28, 2003, petitioner filed a pro se submission entitled "Relief From Judgment or Order Under Rule 60(b)" ("Rule 60(b) Motion"). In that motion, Harper argued (1) that the Court committed error in failing to review his claim of actual innocence under the analysis employed by the Second Circuit in Whitley v. Senkowski, 317 F.3d 223 (2d Cir. 2003), and (2) that the Court failed to grant him a "fair hearing" on his Petition. For the reasons set forth in the Court's Memorandum and Order dated July 23, 2003, the Court concluded that these

arguments did not warrant relief, and accordingly, denied the Rule 60(b) Motion. Harper v. Vaughn, 272 F. Supp. 2d 527 (E.D. Pa. 2003).

On August 5, 2003, Harper filed a Notice of Appeal. On February 27, 2004, a three-judge panel of the Court of Appeals denied petitioner's request for a certificate of appealability. On May 21, 2004, the Court of Appeals denied Harper's request for rehearing en banc.

Harper filed the instant second habeas petition in this Court on July 5, 2005.

## III.  DISCUSSION

### A.  AEDPA LIMITATION ON SECOND HABEAS PETITIONS

The Antiterrorism and Effective Death Penalty Act ("ADEPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, limits a petitioner's ability to bring a second or successive habeas petition.  See 28 U.S.C. § 2244(b)(2).[5]  A state prisoner seeking to file a second or successive

---

[5] That section of the AEDPA provides, inter alia, as follows:
(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  (B)    (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)  (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
  (B)  A motion in the court of appeals for an order authorizing the district

§ 2254 habeas petition must, as a preliminary step, obtain an order from the appropriate court of

appeals authorizing the district court to consider such a motion.  28 U.S.C. § 2244(b)(3)(A).

On February 13, 1998, Harper filed his first pro se habeas petition in federal court.

Because Harper thereafter filed the instant second habeas petition without seeking prior

authorization from the Court of Appeals, this Court is precluded by the AEDPA from ruling on

the merits of any claim raised for the first time in the second habeas petition. 28 U.S.C.

§ 2244(b)(3).

**B.    CLAIMS IN HARPER'S SECOND HABEAS PETITION**

In his second habeas petition, Harper raises the following thirteen claims[6]:

1.    The imposition of a life sentence without the possibility of parole violated the rule
      of law announced in Roper v. Simmons, 543 U.S. 551 (2004), which eliminated
      the juvenile death penalty, since Harper was a sixteen year old juvenile at the time
      that he committed the crimes.[7]

---

court to consider a second or successive application shall be determined by
a three-judge panel of the court of appeals.
(C)  The court of appeals may authorize the filing of a second or
successive application only if it determines that the application makes a
prima facie showing that the application satisfies the requirements of this
subsection.
. . . .

28 U.S.C. § 2244(b).

[6] The Court summarizes the claims in the order that they appear in Harper's second
habeas petition.

[7] In his Memorandum of Law In Support of Habeas Petition, Harper elaborates on only
this first claim as follows: As a juvenile with diminished capacity, Harper argues that he lacked
the mental capacity to form the specific intent required to commit first-degree murder, for which
he was convicted. Without specific intent, the jury could not have found beyond a reasonable
doubt that Harper was guilty of first-degree murder. Moreover, since Harper was a juvenile with
diminished culpability, rather than an adult, see Roper, 543 U.S. at 571, the penological
justifications for a life sentence without the possibility of parole apply to him with less force. For
these reasons, Harper argues that the life sentence without the possibility of parole violates his

-6-

2.    Appellate counsel, who also represented defendant at trial, was ineffective in violation of Harper's due process rights.

3.    Trial counsel was ineffective for failing to call witnesses who would have proved that Harper's statement to the police was involuntary.

4.    Trial counsel was ineffective for failing to introduce at trial medical evidence of the injuries that Harper sustained at the hands of the police following his arrest.

5.    The ten-hour delay between arrest and arraignment violated Harper's Sixth Amendment rights.

6.    Harper's Fourth, Sixth, and Fourteenth Amendment rights were violated because his home was illegally searched, evidence was obtained from that search, and the issue was not preserved.

7.    The unlawful delay between Harper's arrest and preliminary arraignment violated his due process rights and his right to access the courts.

8.    It was more likely than not that prosecutors in this case dismissed prospective black jurors based on their race in violation of the rule announced in Batson v. Kentucky, 476 U.S. 79 (1986).

9.    Although the Commonwealth of Pennsylvania knew that Harper was a juvenile, it failed to appropriately secure his rights.

10.   Harper was not read his Miranda rights.

11.   By sentencing Harper to life imprisonment despite his juvenile status, the Commonwealth of Pennsylvania violated his Eighth Amendment rights.

12.   Harper's Sixth Amendment rights were violated because (A) a key witness for the district attorney stated to the jury that Harper was in handcuffs outside the courtroom; and (B) his defense counsel was actively representing conflicting interests.

13.   The jury was contaminated because the jury talked to a police officer about the case during trial.

_____

Eighth and Fourteenth Amendment rights under the U.S. Constitution, and Article 1 § 13 of the Pennsylvania Constitution.

### C.    PREVIOUSLY RAISED CLAIMS DISMISSED

In his first habeas petition, Harper raised the claims numbered above as (2), (3), (4), (6), (8), (10), (12.A), and (13); counsel briefed each of these claims except (10). See Harper v. Vaughn, No. 98-728, 2002 WL 257850 (E.D. Pa. Feb. 21, 2002). The Court concluded that these claims did not warrant federal habeas relief. Id.

The AEDPA requires that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Because the claims numbered above as (2), (3), (4), (6), (8), (10), (12.A), and (13) were raised in Harper's first habeas petition and denied by the Court, and in light of the fact that petitioner has not set forth any new evidence to support these claims, the Court dismisses these claims.

### D.    NEW CLAIMS TRANSFERRED TO COURT OF APPEALS

In his second habeas petition, Harper raises for the first time the claims numbered above as (1), (5), (7), (9), (11), and (12.B). Pursuant to the AEDPA, petitioner is required to obtain an order from the Court of Appeals authorizing this Court to consider these claims. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas petition] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Only if Harper's second habeas petition makes a prima facie showing that it satisfies the requirements of 28 U.S.C. § 2244 may the Court of Appeals authorize this Court to consider the claims that remain in his second habeas petition. See 28 U.S.C. § 2244(b)(3)(C). Because petitioner has not obtained an order from the Court of Appeals

authorizing this Court to consider the remaining  claims, this Court is precluded from reaching the merits of such claims on the present state of the record.

Under the circumstances presented, the Court must either dismiss petitioner's second habeas petition as an unauthorized successive habeas petition, see Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Peterson v. Brennan, 2004 U.S. Dist. Lexis 11860, *36 (E.D. Pa. 2004), or transfer the claim to the appropriate court of appeals pursuant to 28 U.S.C. § 1631 (2005),[8] see Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); Peterson, 2004 U.S. Dist. Lexis at *36. To avoid further delay, the Court chooses the latter course and orders the remaining claims in petitioner's second habeas petition – those numbered above as (1), (5), (7), (9), (11), and (12.B) – transferred to the United States Court of Appeals for the Third Circuit for a decision on the question whether to authorize this Court to consider such claims.

### E.    REQUEST TO STAY SECOND HABEAS PETITION

The Court notes that Harper has requested that the federal courts stay his habeas petition pending the exhaustion of his state court remedies. This request implicates the Supreme Court's recent decision in Rhines v. Weber, 544 U.S. 269 (2005), and Court of Appeals precedent. See, e.g., Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Crews v. Horn, 360 F.3d 146 (3d Cir.

---

[8]28 U.S.C. § 1631 (2005) provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

2004); <u>Slutzker v. Johnson</u>, 393 F.3d 373 (3d Cir. 2004) (discussing the evolution of the Third Circuit's "stay-and-abey" procedure).

In <u>Rhines</u>, the Supreme Court approved "stay-and-abey" procedures only in the limited situation "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Such a procedure should not be employed "when [a petitioner's] unexhausted claims are plainly meritless." <u>Id.</u> If the Court of Appeals authorizes this Court to consider the merits of Harper's remaining claims, the Court will apply the <u>Rhines</u> analysis in deciding whether to stay-and-abey Harper's second habeas petition.

## IV.   **CONCLUSION**

For the foregoing reasons, the Court dismisses Harper's claims numbered above as (2), (3), (4), (6), (8), (10), (12.A), and (13). The Court transfers the petitioner's remaining claims – (1), (5), (7), (9), (11), and (12.B) – to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for a decision on the question whether to authorize this Court to consider the claims on the merits.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ANTHONY HARPER,** | : | **CIVIL ACTION** |
| Petitioner, | : |  |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **DAVID DIGUGLIEMO, THE DISTRICT** | : | **NO.  05-3444** |
| **ATTORNEY LYNN ABRHAM, and THE** | : |  |
| **ATTORNEY GENERAL OF THE STATE** | : |  |
| **THOMAS CORBOTT,** | : |  |
| Respondents. | : |  |
|  | : |  |

**O R D E R**

And now, this 11th day of May 2006, upon consideration of petitioner's second <u>pro se</u>

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Document No. 1, filed on July 5,

2005), and petitioner's <u>pro se</u> Memorandum of Law in Support of Habeas Corpus (Document

No. 2, filed on February 23, 2006), **IT IS ORDERED** as follows:

(1)     The claims numbered in the Petition for Writ of Habeas Corpus as (2), (3), (4),

        (6), (8), (10), (12.A), and (13) are **DISMISSED** pursuant to 28 U.S.C.

        § 2244(b)(1) on the ground that they were previously raised and denied; and

(2)     The remaining claims numbered in the Petition for Writ of Habeas Corpus as (1),

        (5), (7), (9), (11), and (12.B) are **TRANSFERRED** to the United States Court of

        Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for a decision on the

        question whether to authorize this Court to consider the claims as part of

        petitioner's second habeas petition.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DuBOIS, J.**